UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 2076

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Magistrate Case No.____ |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| v. | ) | |
| | ) | Title 8, U.S.C., Section 1324(a)(2)(B)(iii) |
| Carlos HERNANDEZ-Almanza, | ) | Bringing in Illegal Alien(s) |
| | ) | Without Presentation |
| Defendant. | ) | |
| | ) | Title 8, U.S.C., Section 1326 |
| | ) | Attempted Entry After |
| | ) | Deportation |

The undersigned complainant being duly sworn states:

### Count I

On or about **July 8, 2008**, within the Southern District of California, defendant **Carlos HERNANDEZ-Almanza**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Guadalupe FLORES-Torres**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

### Count II

On or about **July 8, 2008**, within the Southern District of California, defendant **Carlos HERNANDEZ-Almanza**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 9th DAY OF **July, 2008**.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Guadalupe FLORES-Torres,** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and she is material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 8, 2008 at approximately 3:10 PM, **Carlos HERNANDEZ-Almanza (Defendant)** made application for admission into the United States at the San Ysidro Port of Entry as the driver of a blue Ford Escort ZX2. Defendant presented a DSP-150 Laser Visa card bearing the name Guillermo Vargas Tapia to a Customs and Border Protection (CBP) Officer. The CBP Officer received a negative customs declaration from Defendant who also claimed ownership of the vehicle and presented a counterfeit vehicle registration. During an inspection of the vehicle, the CBP Officer noticed the rear seat looked abnormally high. The CBP Officer also noticed that Defendant was an impostor to the document he had presented. Another CBP Officer located a non-factory compartment under the rear seat and discovered a female individual concealed within. The vehicle and its occupants were subsequently escorted to secondary for further inspection.

In secondary, CBP officers removed the female individual from the compartment. The female individual was determined to be citizen of Mexico without legal documents to enter the United States and is now identified as: **Guadalupe FLORES-Torres (Material Witness).**

Also while in secondary, Defendant's fingerprints were obtained and queried through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT/IAFIS returned a match to the query, identifying Defendant as a citizen of Mexico and a previously deported/removed alien. Queries through the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirm Defendant to be a citizen of Mexico without legal documents to enter the United States. CIS and DACS system queries reveal Defendant was ordered deported/removed by an Immigration Judge on or about August 1, 1994 and was physically removed from the United States via Nogales, Arizona on the same date. CIS and DACS queries also reveal that Defendant was last physically removed from the United States on or about January 10, 2008. Immigration service records indicate no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security, to legally re-enter the United States

A videotaped interview was conducted with Material Witness. Material Witness stated she is a citizen of Mexico without legal documents to lawfully enter or reside in the United States. Material Witness stated her sister-in-law made arrangements with an unknown person and was to pay $4,000.00 USD for her to be smuggled into the United States. Material Witness stated she intended to travel to Encinitas, California to seek employment.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

_____
UNITED STATES MAGISTRATE JUDGE